UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTOLIN ANDREW MARKS,

    Plaintiff,

  v.

JOHN DOE ALBIN *et al.*,

    Defendants.

Case No. C06-5675RBL

ORDER DENYING PLAINTIFF'S MOTION TO CONDUCT DISCOVERY PRIOR TO FILING AN AMENDED COMPLAINT

    This <u>Bivens</u> action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  Plaintiff has been given leave to proceed *in forma pauperis* (Dkt. # 7).

    After review of the initial complaint the court ordered plaintiff to amend (Dkt. # 8).  Review of the amended complaint showed it to suffer from the same defects as the original. Plaintiff was again instructed to amend (Dkt # 10).  Both the original and the first amended complaint contained over one hundred pages of exhibits that were only vaguely referenced in the complaint.  Reports of infractions were not identified in a manner that allowed the court to determine what infraction was

ORDER page-1

1 referenced in what portion of the complaint.

2     The complaints were convoluted and the attachments were not properly referenced in the main document.  As a result the court was in a position of guessing which documents were meant to support which allegations.  Plaintiff was ordered to amend and in particular told that when he referred to an infraction he needed to provide detail in the complaint that identified the infraction, to wit; who wrote the infraction, when the infraction was dated, and what the infraction was.

    Plaintiff now asks for permission to conduct limited discovery prior to amending his complaint and asks the court to order copies of several documents be provided to him.  He asks for a copy of his custody file and for copies of several policies and standards.  The motion is **DENIED.**  Plaintiff provided over one hundred pages of "exhibits" to his original and his first amended complaint (Dkt. # 1 and 9).  Plaintiff needs to properly reference and condense the information he already has into an acceptable complaint.  Discovery at the point in time is not proper.  Further, plaintiff is not entitled to free copies.  His *in forma pauperis* status does not relieve him from the normal costs of litigation other than the filing fee.

    An acceptable complaint was to be filed on or before April 6, 2007 (Dkt. # 10).  The court will allow plaintiff until **April 27, 2007,** to comply with the court's order to amend.

    The Clerk is directed to send a copy of this Order to plaintiff, and note the due date for the amended complaint as **April 27, 2007.**

    DATED this 11 day of April, 2007.

    */S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER page-2